IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES AUSTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:12-CV-161-TMH |
| | )                    [WO] |
| ELEANOR BROOKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Charles Austin,  an inmate incarcerated at the Montgomery County

Detention Center,  files this 42 U.S.C. § 1983 action against the Honorable Tracy McCooey,

District Attorney Eleanor Brooks, Assistant Attorney General Carrie Gray, and Richard

White, Esq.   Plaintiff complains that his constitutional rights were violated during his

criminal court proceedings in the Circuit Court for Montgomery County, Alabama. Plaintiff

requests damages and his release from incarceration.    Upon review of the complaint, the

court concludes that dismissal of this case prior to service of process is appropriate under 28

U.S.C. § 1915(e)(2)(B).[1]

---

[1]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened
in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court
to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous,
malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a
defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

### A.  Judge McCooey

To the extent Plaintiff seeks to challenge actions taken by Judge McCooey in her judicial capacity during state court proceedings over which she had jurisdiction, such claims are due to be dismissed.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11ᵗʰ Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Accordingly, Plaintiff's claim for monetary damages against Judge McCooey are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of  28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319,  327 (1989).

To the extent Plaintiff seeks injunctive and/or declaratory relief from adverse decisions made by Judge McCooey in the state criminal proceedings over which this Defendant presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from

proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for injunctive and/or declaratory relief with respect to actions undertaken by Judge McCooey during matters related to Plaintiff's state court criminal proceedings is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. 319.

**B.  Defendants Brooks and Gray**

Plaintiff names District Attorney Eleanor Brooks and Assistant District Attorney

Carrie Gray as defendants.   To the extent Plaintiff challenges these defendants' conduct in initiating and prosecuting   criminal charges   against him, he is entitled to no relief.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

The court understands Plaintiff's claims against Defendants Brooks and Gray to arise from these defendants' roles "as [] 'advocate[s]' for the state" and such  actions are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted).  Defendants Brooks and Gray are, therefore, "entitled to absolute immunity for that conduct." *Id*.   Moreover, as previously determined, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to his criminal conviction before the Circuit Court

for Montgomery County, Alabama.  Thus, Plaintiff's complaint against Defendants Brooks

and Gray is due to be dismissed in accordance with the directives of 28 U.S.C. §

1915(e)(2)(B)(i).


### C. Richard White, Esq.

To the extent Plaintiff brings this § 1983 action against Defendant White in his

capacity as trial counsel and claims that he provided ineffective assistance of counsel during

Plaintiff's criminal court proceedings, such claims may not proceed in this civil matter.  An

essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law

committed the constitutional violation about which the plaintiff complains.  *American*

*Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S.

527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged

constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person

who may fairly be said to be a state actor.'"  *American Manufacturers*, 526 U.S. at 50

(emphasis in original). An attorney who represents a defendant in criminal proceedings does

not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v.*

*Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even

court-appointed attorneys, are not official state actors and ... are not subject to suit under

section 1983.").  Since the conduct about which Plaintiff complains was not committed by

a person acting under color of state law, his § 1983 complaint against Defendant White is frivolous because it lacks an arguable basis in law. *Neitzke*, 490 U.S. at 327;  28 U.S.C. § 1915(e)(2)(B)(i).

### D. The Challenge to Plaintiff's Conviction

A review of Plaintiff's complaint reveals that he seeks to attack the validity of a criminal conviction imposed upon him by the Circuit Court for Montgomery County, Alabama. Plaintiff's claims go to the fundamental legality of his confinement, and, consequently, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. *Id*. at

481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Plaintiff's claims represent a challenge to the constitutionality of his criminal conviction. A judgment in favor of Plaintiff in this cause of action would necessarily imply the invalidity of this conviction. It is clear from the complaint that the conviction about which Plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the conviction in question is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*,

411 U.S. at 488-490.  Such attack is, therefore, subject to summary dismissal by this court

in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).


## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.    The § 1983 claims presented against Defendants McCooey, Brooks, Gray, and

White be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. §

1915(e)(2)(B)(i) & (iii);

2.    Plaintiff's challenge to the constitutionality of the conviction and sentence

imposed upon him by the Circuit Court for Montgomery County, Alabama, be DISMISSED

without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims

are not properly before the court at this time

3.    This case be DISMISSED prior to service of process in accordance with the

provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the

Recommendation on or before **March 14, 2012**.  Any objections filed must clearly identify

the findings in the Magistrate Judge's Recommendation to which a party  objects.  Any

objections filed must specifically identify the findings in the Magistrate Judge's

Recommendation objected to.  Frivolous, conclusive or general objections will not be

considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 29th day of February 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE